**Louis WOLFSON, Plaintiff-Appellant,**

v.

**The HOUSTON POST COMPANY,
Defendant-Appellee.**

No. 71–1032.

**Summary Calendar.***

United States Court of Appeals,
Fifth Circuit.

April 23, 1971.

---

* [1] Rule 18, 5th Cir.; see Isbell Enterprises v. Citizens Casualty Co. of N.Y., 431 F.2d 409, Part I (5th Cir. 1970).

Alan G. Greer, Frates, Floyd, Pearson & Stewart, Miami, Fla., for plaintiff-appellant.

Dan Paul, Paul & Thomson, Miami, Fla., for appellee The Houston Post Co.

Before THORNBERRY, MORGAN and CLARK, Circuit Judges.

PER CURIAM:

■ The District Court concluded the reach of Florida's long arm statute had been extended beyond its constitutional grasp and dismissed this action for lack of personal jurisdiction. The only contacts of the defendant newspaper with the State of Florida in the whole of the year in which process was served were the sale of between 10,000 and 11,000 individual copies of newspapers to unsolicited subscribers and the sale of 38,601 dollars worth of advertising space to unsolicited advertisers. The percentage of circulation in Florida of defendant, as compared to its total circulation, was 0.15% for the Sunday paper and .008% for the daily paper. The advertising revenue from Florida amounted to less than .153% of the newspaper's total advertising revenues and the Florida advertising lineage was less than .091% of the total. New York Times v. Connor, 365 F.2d 567 (5th Cir. 1966) is controlling.

Affirmed. See Local Rule 21.[1]

---

1. *See* NLRB v. Amalgamated Clothing Workers of America, 430 F.2d 966 (5th Cir. 1970.)